**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UBALDO HERRERA AYON,

      Petitioner,

  v.                                                       No. CV 11-0187 WJ/LAM

UNITED STATES OF AMERICA,

      Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus. Petitioner paid the $5.00 filing fee and also filed an Application To Proceed In District Court Without Prepaying Fees Or Costs. The Court will grant the application to proceed without prepayment and will dismiss the petition for failure to exhaust administrative remedies.

Petitioner is a federal prisoner confined at the Cibola County Correctional Institution in Milan, New Mexico.[1] He alleges that his place of confinement is more than 500 miles from his family, in violation of constitutional protections. In a supplement attached to the petition, Petitioner contends that the Bureau of Prisons ("BOP") did not consider the applicable factors in 18 U.S.C. § 3621(b) before transferring him to New Mexico, and thus his placement offends the Due Process Clause. For relief, he asks for an order transferring him to a facility in northern California. He expressly states that he has not exhausted the BOP's administrative remedies because, he believes,

---

[1] The petition incorrectly names the United States of America as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (ruling that warden is proper § 2241 respondent). The Court's dismissal of the petition does not rest on this pleading deficiency because Petitioner presumably could amend his petition to name the proper respondent. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

he could not obtain relief from corrections officials.

Petitioner's failure to exhaust administrative remedies bars consideration of his § 2241 claims. "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), and the requirement applies to a § 2241 petition seeking an inmate's transfer based on violations of § 3621(b), *see id.*; *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010). Nor will the Court excuse Petitioner's failure to exhaust based on his assertion that any attempt to exhaust administrative remedies would be futile. "Exhaustion of administrative remedies is not required when an inmate can show it would be futile. But the futility exception is quite narrow." *Reyna v. Ledezma*, No. 10-6242, slip ord. at *3 (10th Cir. Mar. 16, 2011). Here, Petitioner merely states that he "feels that . . . he would not be able to have relief." This allegation does not amount to a showing that "administrative relief is 'effectively foreclosed,' " *id.* (quoting *Goodwin v. Oklahoma*, 923 F.2d 156, 158 (10th Cir. 1991)), particularly in light of Petitioner's admitted failure even to initiate administrative proceedings, *cf. Ricardo v. Ray*, No. 00-1150, 2000 WL 1089478, at *2 (10th Cir. Aug. 4, 2000). The Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus is DISMISSED without prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE